**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| WESLEASE 2018 OPERATING LP, J. ROBERT FORSHEY, Receiver | § § § § | |
| *Plaintiffs*, | § § | |
| vs. | § § | |
| SANDY CREEK FOUNDATION, MITCHEL BROWN, CHRISTIANSON ANDERSON, ASHLIE ANDERSON, RICHARD COAKLEY, JOE D. BALLARD, BUFFALO CREEK SURVEYOR, LLC, PAT POTTS, MARK SUTTON, RUSSELL BROWN, BRATHWAITE PRIME, THOMAS GASS, VICTORY LIFE PENTECOSTAL CHURCH OF FORT WORTH, INC., WHITNEY MARTIN, JUSTIN MARTIN | § § § § § § § § § § § § § | **Case No: 4:26-cv-00631-O** |
| *Defendants*. | § | |

## PLAINTIFFS' AMENDED COMPLAINT

Plaintiffs Weslease 2018 Operating LP ("Weslease") and J. Robert Forshey, as Receiver, file this Complaint against Defendants Sandy Creek Foundation; Mitchel Brown; Christianson ("Chris") Anderson; Ashlie Anderson; Richard Coakley; Joe D. Ballard; Buffalo Creek Surveyor, LLC; Pat Potts; Mark Sutton; Russell Brown; Brathwaite Prime; Thomas Gass; Victory Life Pentecostal Church of Fort Worth, Inc.; Whitney Martin; and Justin Martin; and allege as follows:

### I.    NOTICE OF RELATED CASE.

1.    This case was properly assigned to the Honorable Mark T. Pittman because it is related to the post-judgment case and receivership proceeding in Case No. 4:20-cv-0776-P pending in U.S. District Court for the Northern District of Texas, Fort Worth Division, styled

*Weslease 2018 Operating LP vs. Innovative Sand Solutions, LLC, Bull Moose Pipeline, LLC, Lindale Pipeline, LLC, Dale Behan, and Linda Behan*, and presided over by the honorable U.S. District Judge Mark T. Pittman (the "Related Case"). Unless otherwise indicated, docket numbers herein refer to the docket of the Related Case.

2.     Judge Pittman has already reviewed certain aspects of this case and concluded that it is permitted despite a pending bankruptcy case. [Dkt. No. 631] ("The automatic stay under Section 362(a) does not apply to the TUFTA claims by Weslease arising from the disbursement of the $2,245,048.10.").

## II.   SUMMARY.

3.     This is an action under TEX. BUS. & COM. CODE ANN. § 24.001–.013, also known as the Texas Uniform Fraudulent Transfer Act, to recover funds transferred to the Defendant transferees.

4.     This amendment is to join the Court's appointed receiver, J. Robert Forshey (the "Receiver") in the Related Case as an additional plaintiff. The Receiver was appointed by the Court in the Related Case pursuant to an Order [Dkt. No. 237] ("Receiver Order") entered on September 27, 2024. The Receiver joins the above-styled case as a party to the extent that any claim or cause of action asserted herein is a part of either the "Receivership Property" or the "Receivership Estates," as defined in the Receiver Order.

5.     Dale and Linda Behan (the "Behans") owe Weslease approximately $9 million pursuant to two federal judgments. The first judgment was entered on December 22, 2021, by the U.S. District Court for the District of North Dakota (Case No. 1:19-cv-0157). The second judgment was entered on May 10, 2022, by the U.S. District Court for the Northern District of Texas, Fort Worth Division (Case No. 4:20-cv-0776-P).

6.      In the fall of 2023, the Behans obtained nearly $2.3 million in cash previously held as collateral by a third party, Amarillo National Bank ("ANB"). Despite owing many millions of dollars to Weslease pursuant to the two final federal judgments, the Behans intended to preclude Weslease from obtaining the funds to partially satisfy its judgments.

7.      Between November 1, 2023, and February 27, 2024, the Behans used their control over an account held in the name of their wholly owned company, River North Farms Inc. and transferred approximately $2,245,048.10 through multiple transactions of a nature that has made it very difficult for Weslease to track and recover the funds.

8.      The Behans intentionally sought to avoid paying their creditor Weslease and were wholly insolvent at the time the transfers were made. Moreover, they made each of the transfers without receiving any appropriate consideration in exchange.

9.      Weslease made written demands to Defendants in advance of filing this suit. Some were successful, resulting in a settlement. Moreover, the Defendants named herein do not represent the total recipients of the Behans' fraudulent transfers. The Behans structured their transfers such that many recipients are not practical defendants.

### III.    PARTIES.

10.     <u>Plaintiff Weslease 2018 Operating LP.</u> Plaintiff Weslease 2018 Operating LP is a limited partnership organized under the laws of Canada, with its principal business located at 350 7 Avenue SW, Unit 610, Calgary, Canada, AB T2P 3N9. Weslease is a fund created under Canadian bankruptcy law to provide recovery for victims of securities fraud.

11.     <u>Plaintiff J. Robert Forshey, Receiver.</u> Plaintiff J. Robert Forshey is the court-appointed Receiver in the Related Case per the Receiver Order, which allows the Receiver "to take exclusive custody, control, and possession of non-exempt property of whatever kind and

wherever situated of the" Behans, as well as to assert any cause of action which is a part of the Receivership Property or the Receivership Estates.

12.    Defendant Sandy Creek Foundation. Defendant Sandy Creek Foundation is a 501(c)(3) organization located in Texas. Defendant Sandy Creek Foundation may be served through its registered agent CT Corporation System, 1999 Bryan St. Suite 900 Dallas, TX 75201-3136 USA, or wherever it may be found. Upon information and belief, Defendant Sandy Creek Foundation or its principals received from River North ANB account $75,000 (November 6, 2023, Check No. 1064). Upon information and belief, certain principals of Defendant Sandy Creek Foundation, including its principal officer Paige Patterson, have personal relationships with Dale and/or Linda Behan, and Linda Behan is on the board of directors of Defendant Sandy Creek Foundation. This further evidences the fraudulent nature of the transfer.

13.    Defendant Mitchel Brown. Upon information and belief, Defendant Mitchel Brown is an individual residing in Oklahoma. Defendant may be served at 14176 Whispering Meadows, Kingston, OK 73439 or wherever he may be found. Upon information and belief, Defendant Mitchel Brown received from the River North ANB account $301,500 allegedly in care of an entity called Galileo Energy Solutions (December 7, 2023, Wire No. 202334100179; December 22, 2023, Wire No. 202335600828; December 29, 2023, Wire No. 202336300726; January 17, 2024, Wire No. 202401700306; January 23, 2024, Wire No. 202402300521; February 12, 2024, Wire No. 202404300215).

14.    Defendant Christianson ("Chris") Anderson. Upon information and belief, Defendant Chris Anderson is a natural person residing in Texas. He may be served at 5201 Wildwood Dr., Flower Mound, TX 75028 or wherever he may be found.

15. <u>Defendant Ashlie Anderson.</u> Upon information and belief, Defendant Ashlie Anderson is a natural person residing in Texas. She may be served at 5201 Wildwood Dr., Flower Mound, TX 75028 or wherever she may be found. Chris and Ashlie Anderson received a total of $110,000 from the River North ANB account (November 20, 2023, Check No. 1065).

16. <u>Defendant Richard Coakley.</u> Upon information and belief, Defendant Richard Coakley is a natural person residing in Maine. He may be served at 34 Reach Rd., Sedgwick, Maine 04676 or wherever he may be found. Defendant Coakley received $30,000 from the River North ANB account (November 3, 2023, Check No. 1073).

17. <u>Defendant Joe D. Ballard.</u> Upon information and belief, Defendant Joe D. Ballard is a natural person residing in Texas. He may be served at 709 S Walnut St., Cleburne, TX 76033-6203 or wherever he may be found. Defendant Ballard received from the River North ANB account $10,000 in his individual capacity (November 20, 2023, Wire No. 202332400461) and $10,000 in his capacity as the owner of Buffalo Creek Surveyor, LLC. (November 16, 2023, Wire No. 202332000905).

18. <u>Defendant Buffalo Creek Surveyor, LLC.</u> Upon information and belief, Defendant Buffalo Creek Surveyor, LLC is a Texas Limited Liability Company with its principal place of business in Texas. It may be served through its registered agent Joe D. Ballard, 709 S. Walnut St., Cleburne, Texas 76033. Buffalo Creek Surveyor, LLC received from the River North ANB account $10,000 (November 16, 2023, Wire No. 202332000905).

19. <u>Defendant Patt Potts.</u> Upon information and belief, Defendant Patt Potts is a natural person residing in Texas. Upon information and belief, he may be served at 10000 FM 1886, Azle, Texas 76020 or wherever he may be found. Pat Potts received $25,500 from the River North ANB account (November 7, 2023, Check No. 1075).

20.    <u>Defendant Brathwaite Prime.</u> Upon information and belief, Defendant Brathwaite Prime is a private investment firm with its principal place of business located at 680 S Cache St, Jackson, Wyoming 83001. Brathwaite Prime received $50,000 from the River North ANB account (February 27, 2024, Wire No. 202405800255).

21.    <u>Defendant Mark Sutton.</u> Upon information and belief, Defendant Mark Sutton is a natural person residing in Florida. He may be served at 133 Wood Ibis Ct., Daytona Beach, Florida 32119 or wherever he may be found. Mark Sutton received $35,000 from the River North ANB account (November 6, 2023, Check No. 1072).

22.    <u>Defendant Russell Brown.</u> Upon information and belief, Defendant Russell Brown is a natural person residing in Maine. He may be served at 97 Sunset Road, Deer Isle, ME 04627 or wherever he may be found. Russell Brown received $35,000 from the River North ANB account (November 2, 2023, Check No. 1061).

23.    <u>Defendant Thomas Gass.</u> Upon information and belief, Defendant Thomas Gass is a natural person residing in Texas. He may be served at 6318 Gleneagles Dr., Pasadena, TX 77505 or wherever he may be found. Thomas Gass received $18,750 from the River North ANB account (November 8, 2023, Check No. 1086; November 11, 2023, Check No. 1087; December 6, 2023, Check No. 1084; December 7, 2023, Check No. 1085).

24.    <u>Defendant Victory Life Pentecostal Church of Fort Worth, Inc.</u> Defendant Victory Life Pentecostal Church of Fort Worth, Inc. ("Victory Life") is a Texas corporation. It may be served through its registered agent, Kevin Duvall, 309 Deauville Dr., Fort Worth, Texas 76108. Victory Life received $10,000 from the River North ANB account (November 28, 2023, Check No. 1083).

25.     <u>Defendants Justin and Whitney Martin.</u> Upon information and belief, Defendants Justin and Whitney Martin are natural persons residing in Louisiana. They may be served at 200 Leavines Rd, Boyce, LA 71409 or wherever they may be found. Whitney and Justin Martin received $13,500 from the River North ANB account (November 10, 2023, Check No. 1074; December 7, 2023, Check No. 1093).

### IV.    JURISDICTION AND VENUE.

26.     <u>Subject Matter Jurisdiction.</u> This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because this is a civil action between citizens of the U.S. and a citizen of Canada, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

27.     <u>Venue.</u> Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district because this district is where the Behans, ANB, and River North were located when the Transfers were made.

### V.    FACTS.

28.     The Behans owe Weslease approximately more than $9 million pursuant to two federal judgments (the "Judgments"). The first judgment in favor of Weslease against the Behans was entered on December 22, 2021, by the U.S. District Court for the District of North Dakota (Case No. 1:19-cv-0157) in the amount of eight million dollars ($8,000,000.00). The second judgment in favor of Weslease against the Behans was entered on May 10, 2022, by the U.S. District Court for the Northern District of Texas, Fort Worth Division (Case No. 4:20-cv-0776-P) in the amount of $724,020.30. Both judgments are final. The Behans did not appeal the North Dakota judgment, and the Texas judgment was affirmed by the U.S. Court of Appeals for the Fifth Circuit on January 30, 2023.

29.    After the Judgments became final, on October 31, 2023, ANB released from its collateral holdings $2,245,048.10 to a checking account at ANB controlled by the Behans but in the name of River North Farms Inc., the Behans' wholly owned company. Between November 2023 and February 2024, the Behans used their control over the River North ANB account to transfer the entire sum released by ANB to third parties.

30.    Between November 1, 2023, and February 27, 2024, the Behans transferred, through their company River North, a total of approximately $724,250.00 to Defendants by multiple separate transfers ("Transfers").

31.    The Behans made these Transfers for no return consideration. As such, the Behans intentionally sought to avoid paying their creditor Weslease.

32.    On September 8, 2025, the Behans filed for bankruptcy in their individual capacities under Chapter 11 in the U.S. Bankruptcy Court for the Northern District of Texas (Case No. 25-43412-mxm11).

33.    The Statement of Financial Affairs for Individuals Filing for Bankruptcy [Case No. 25-43412-mxm11, Dkt. No. 12] filed by the Behans provides another clear indication of the fraudulent intent of the Behans. In their Statement of Financial Affairs, the Behans falsely represented that they did not give any gifts with a total value of more than $600 per person within two (2) years before they filed for bankruptcy. [Case No. 25-43412-mxm11, Dkt. No. 12, at 5]. As illustrated by the numerous transfers described above, all of which occurred within two years of the filing of the bankruptcy petition, the Behans' representation signed under penalty of perjury is categorically false.

34.    On September 27, 2024, this Court granted Weslease's Motion for Declaration that Automatic Stay Does Not Apply or Relief from Same [Dkt. No. 621], declaring that "[t]he

automatic stay under Section 362(a) of Title 11 of the Bankruptcy Code does not apply to the TUFTA claims by Weslease arising from the disbursement of the $2,245,048.10." [Dkt. No. 631].

35.     Pursuant to this Court's order in the Related Case, Weslease demanded from Defendants that they return the funds, asserting its rights to void the Transfers under the Texas Uniform Fraudulent Transfer Act ("TUFTA"). However, Defendants either failed to respond or refused to return the funds.

36.     Throughout the Related Case, there has been heavy court intervention due to the Behans' and their attorney Shelby Sharpe's efforts to avoid payment of Weslease's judgments. The Behans and Mr. Sharpe have been heavily sanctioned and penalized numerous times. On May 21, 2024, this Court issued an order addressing Mr. Sharpe's serious misconduct, which included making false representations to the Court concerning ownership and possession of various entities and physical property as pertaining to his clients and taking affirmative actions to prevent Weslease from accessing documents and property to which it was legally entitled. These judicial findings evidence the fraudulent nature of the Transfers.

37.     On September 27, 2024, this Court appointed a Receiver pursuant to the Receiver Order "to take exclusive custody, control, and possession of non-exempt property of whatever kind and wherever situated of the" Behans, including River North. Weslease, after conferring with Bobby Forshey, the Court's appointed receiver, made demands on certain of the transferees, including all of the Defendants in this case, under TUFTA.

38.     Among the above orders, this Court has also taken the following actions to sanction the Behans and their attorney in the Related Case: entered civil contempt sanctions against Mr. Sharpe and the Behans (May 21, 2024, hearing); fined Mr. Sharpe and the Behans for failing to comply with civil contempt sanctions (June 5, 2024, order); considered the possibility of imposing

criminal sanctions on Mr. Sharpe and the Behans for willful, systematic disregard for the Court's orders (June 5, 2024, order); issued an order on May 21, 2024, directed the Clerk of Court to open a miscellaneous case against Mr. Sharpe for investigation and potential disciplinary action addressing his unethical behavior during his representation of the Behans (May 21, 2024, order); ordered Mr. Sharpe to withdraw from all representation in the Northern District of Texas involving Dale or Linda Behan or their companies (Misc. Action No. 4:24-MC-0007-X); ordered Mr. Sharpe to retake the Multistate Professional Responsibility Exam until he reaches a passing score [*see* Dkt. Nos. 291, 531, 538; 645]; barred Mr. Sharpe from representing or taking on any new client in the Northern District of Texas without the approval of the disciplinary panel (Misc. Action No. 4:24-MC-0007-X); appointed a federal public defender for Mr. Behan for the January 15, 2025, contempt hearing [Dkt. No. 311]; sanctioned the Behans $5,000.00 for failure to comply with the Court's September 10, 2024, order [Dkt. No. 312]; ordered Mr. Sharpe to appear and show cause for his failure to comply with the Court's order regarding the Multistate Professional Responsibility Exam [Dkt. No. 364]; ordered Mr. Sharpe to appear and show cause for his failure to abide by the disciplinary panel's order [Dkt. No. 462]; indefinitely suspended Mr. Sharpe from the practice of law in the Northern District of Texas for at least two years and sanctioned Mr. Sharpe to pay the Receiver's costs and fees associated with defending Mr. Sharpe's emergency stay motion [Dkt. No. 486]; ordered Mr. Sharpe to appear and show cause for his failure to satisfy the previously issued sanctions against him for his misconduct [Dkt. No. 494]; sanctioned the Behans $3,000 for their failure to abide by the Receiver Order [Dkt. No. 510]; ordered the Behans to appear and show cause for their failure to abide by the Receiver Order [Dkt. No. 552]; ordered Mr. Sharpe to appear and show cause for his failure to abide by both the District Court's order barring him from the practice of law in the Northern District of Texas as well as the disciplinary

panel's orders [Dkt. No. 564]; sanctioned Mr. Sharpe $14,000.00 for his intentional failure to abide by the Court's and disciplinary panel's orders [Dkt. No. 576]; ordered Mr. Sharpe to sit for the August 2026 Multistate Professional Responsibility Exam or pay $1,500 into the registry of the Court [Dkt. No. 695].

39. On May 1, 2026, the Behans' Chapter 11 Case was converted to Chapter 7. [Case No. 25-43412-MXM7].

## VI.    CAUSES OF ACTION.

### *Count One - Fraudulent Transfer under TEX. BUS. & COM. CODE ANN. § 24.001–.013*

40. Plaintiffs incorporate by reference each and every allegation contained in the paragraphs above as if the same were set forth in full herein.

41. The Behans, as the judgment debtors of Weslease, made the Transfers with the intent to hinder, delay, or defraud Weslease, the judgment creditor, as evidenced by the judicial findings of this Court in the Related Case showing that the Behans and their attorney took affirmative actions to prevent Weslease from accessing documents and property to which it was legally entitled.

42. The Transfers were made in a manner making the Transfers voidable under Chapter 24 of the Texas Business and Commerce Code because, upon information and belief, the Defendant transferees received no reasonably equivalent value in exchange for the Transfers.

43. The Behans and their company River North were insolvent at the time the Transfers were made.

44. In the alternative, Plaintiffs allege that the Receiver is entitled to the $724,250.00 if, and to the extent that, the property transferred to the Defendants is found to constitute a part of the Receivership Property or the Receivership Estates.

45.     By reason of the foregoing, Defendants are liable in the amount of $724,250.00, plus interest, attorneys' fees, and costs. Alternatively, Plaintiffs pray that the Court void the Transfers to the extent necessary to satisfy Plaintiffs' claims; order an attachment against other property owed by the Defendants; or order any other equitable relief the circumstances may require.

### *Count Two – Money Had and Received*

46.     Plaintiffs incorporate by reference each and every allegation contained in the paragraphs above as if the same were set forth in full herein.

47.     Defendants hold money that, in equity and good conscience, belongs to Weslease because Weslease, as judgment creditor of the Behans, transferred $724,250.00 to Defendants. Upon information and belief, Defendants received the $724,250.00 without proper consideration or under circumstances that indicate the Behans were intentionally attempting to hinder Weslease's debt collection.

48.     Defendants did not pay any of the $724,250.00 back to Weslease.

49.     In the alternative, Plaintiffs allege that the Receiver is entitled to the $724,250.00 if, and to the extent that, the property transferred, or any claims or causes of action based on the property so transferred, to the Defendants is found to constitute a part of the Receivership Property or the Receivership Estates.

### VII.   PRAYER.

WHEREFORE, Plaintiffs pray that the Court cite Defendants to appear and, upon trial, Plaintiffs have judgment against Defendants, for:

1. An award of damages in an amount to be determined at trial, but in no event less than $724,250.00, plus interest, attorneys' fees, costs, and pre-judgment interest in an amount the Court deems just and proper, according to proof;

2. An avoidance of the Transfers to the extent necessary to satisfy Plaintiffs' claims;

3. An order of attachment against other property owned by the Defendants;

4. Such further and other relief as the Court may deem just, equitable, and reasonable.

Dated: June 11, 2026

Respectfully submitted,

**MCCATHERN, PLLC**

By: */s/ Justin N. Bryan*
Justin N. Bryan
State Bar No. 24072006
jbryan@mccathernlaw.com
Jonathan M. Vivat
State Bar No. 24149779
jvivat@mccathernlaw.com

Regency Plaza
3710 Rawlins St., Suite 1600
Dallas, Texas 75219
Telephone: 214.741.2662
Facsimile: 214.741.4717

**ATTORNEYS FOR WESLEASE**

**-AND-**

**VARTABEDIAN HESTER & HAYNES LLP**

*/s/ J. Robert Forshey\**
J. Robert Forshey
State Bar No. 07264200
Bobby.forshey@vhh.law

301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Telephone: 817-214-4990

---

Facsimile: 817-214-4988

*E-signature added with permission.

**RECEIVER**