UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION



WESLEASE 2018 OPERATING LP,

                              Plaintiff,

                              v.

SANDY CREEK FOUNDATION, ET AL.,

INCLUDING JUSTIN MARTIN AND

WHITNEY MARTIN,

                          Defendants.

Civil Action No. 4:26-cv-00631-0

DEFENDANTS JUSTIN MARTIN AND WHITNEY MARTIN'S

ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Justin Martin and Whitney Martin ("Defendants"), appearing pro se, and file this their Original Answer to Plaintiff's Complaint, and respectfully state as follows:

1

## I. GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants deny each and every allegation contained in Plaintiff's Complaint and demand strict proof thereof.

## II. RESPONSES TO SPECIFIC ALLEGATIONS

1–9. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraphs 1 through 9 and therefore deny the same.

10. Defendants lack knowledge as to Plaintiff's organizational structure and deny same.

11–23. Defendants lack knowledge as to the allegations concerning other defendants and therefore deny same.

24. Defendants admit that they received certain funds from accounts associated with the Behans. Defendants deny any implication that such funds were received without reasonably equivalent value, were improper, or were subject to recovery by Plaintiff, and deny all remaining allegations in Paragraph 24.

2

25–26. Defendants lack sufficient knowledge to admit or deny the allegations and therefore deny.

27–33. Defendants lack sufficient knowledge to admit or deny allegations relating to the Behans and therefore deny same.

34. Defendants deny that they failed to respond or that they improperly retained any funds.

35–38. Defendants lack knowledge and therefore deny.

39. Defendants incorporate prior responses.

40. Defendants deny the allegations, including that any funds received were part of any scheme to hinder, delay, or defraud Plaintiff.

41. Defendants deny that they failed to provide reasonably equivalent value for any funds received.

42. Defendants lack knowledge and therefore deny.

43. Defendants deny liability in any amount.

44. Defendants incorporate prior responses.

45. Defendants deny that they hold money belonging to Plaintiff.

46. Defendants deny.

47. Defendants deny that Plaintiff is entitled to damages.

## III. AFFIRMATIVE DEFENSES

FIRST DEFENSE – FAILURE TO STATE A CLAIM

Plaintiff fails to state a claim upon which relief can be granted.

SECOND DEFENSE – REASONABLY EQUIVALENT VALUE

Any funds received by Defendants were supported by reasonably equivalent value, including services rendered and reimbursement for funds previously advanced by Defendants on behalf of the alleged transferor.

4

THIRD DEFENSE – GOOD FAITH TRANSFEREE

Defendants received any funds in good faith and for value, and are protected under applicable law.

FOURTH DEFENSE – REIMBURSEMENT / PASS-THROUGH FUNDS

Certain funds received by Defendants constituted reimbursement for expenses previously paid by Defendants to third parties and were not retained for Defendants' benefit.

FIFTH DEFENSE – LACK OF INTENT OR KNOWLEDGE

Defendants had no knowledge of any alleged intent by the Behans to hinder, delay, or defraud any creditor.

SIXTH DEFENSE – OFFSET

Any amounts claimed are subject to offset by the value of services performed and funds provided by Defendants.

SEVENTH DEFENSE – UNJUST ENRICHMENT (DEFENSE)

Plaintiff would be unjustly enriched if permitted to recover funds for which fair value was provided.

5

EIGHTH DEFENSE – ESTOPPEL AND WAIVER

Plaintiff's claims are barred in whole or part by estoppel and/or waiver.

IV. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that Plaintiff take nothing by way of its claims against them, that such claims be dismissed with prejudice, and that Defendants recover their costs and be granted such other and further relief to which they may be justly entitled.

Respectfully submitted,

_____

Justin Martin, Pro Se

200 Leavines Rd

Boyce, LA 71409

Martinjustins@yahoo.com

337-208-1797

Date: 6-12-26

6

_Whitney Martin_
_____

Whitney Martin, Pro Se

200 Leavines Rd

Boyce, LA 71409

WMartinRN@gmail.com

337-208-1612

Date: _6/12/2026_

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on Plaintiff's counsel,

Justin Bryan, McCathern, PLLC, 3710 Rawlins St., Suite 1600, Dallas, TX 75219, on this

12th day of June , 2026.

Justin Martin

Date: 6-12-26

8

Justin Martin

Whitney Martin

200 Leavines Rd

Boyce, LA 71409

Date: 06/12/2026

Clerk of Court

United States District Court

Northern District of Texas

Fort Worth Division

Re: Weslease 2018 Operating LP v. Sandy Creek Foundation, et al.

Civil Action No. 4:26-cv-00631-0

Dear Clerk:

Enclosed for filing please find Defendants Justin Martin and Whitney Martin's Original Answer to Plaintiff's Complaint.

Please file the enclosed document in the above-referenced matter.

Thank you for your assistance.

Respectfully,

1

Justin Martin

Pro Se Defendant

Whitney Martin

Pro Se Defendant





ORIGIN ID:ESFA   (337) 208-1797
JUSTIN MARTIN
200 LEAVINES RD

BOYCE, LA 71409
UNITED STATES US

SHIP DATE: 12JUN26
ACTWGT: 1.00 LB
CAD: 2644674730/FAPI2208

BILL SENDER

TO UNITED STATES DISTRICT COURT
UNITED STATES DISTRICT COURT
501 W 10TH ST
STE 310
FORT WORTH TX 76102
(817) 850-6600       REF: 3372081797
INV:
PO:                  DEPT:



FedEx
Express

E



TRK#  8730 1226 9591
0201

Envelope
Recycle me

MON - 15 JUN 10:30A
PRIORITY OVERNIGHT

XP GRKA

DSR
76102
TX-US DFW



RECEIVED

JUN 15 2026

8:48am cc
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS